IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| V. | ) CR Nos. 16-113, 13-253 |
| MARTIN ESQUIVEL-HERNANDEZ | |

**ORDER OF COURT**

Defendant has filed a Motion to Dismiss the Indictment [ECF No. 39] based on his assertions that the police stops on 3/26/16 and 4/30/16, which led to the ICE investigations into Defendant's immigration status, were invalid and illegal. The Government has filed a response thereto [ECF No. 42].

The Government has correctly stated that Defendant's Motion is one that challenges the Court's jurisdiction to hear this case.

"The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred. Immigration & Naturalization Service v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984) (emphasis added). The Court of Appeals for the Third Circuit has followed the Supreme Court's directive in U.S. v. Bowley, 435 F. 3d 426 (3d Cir. 2006) and U.S. v. Miranda-Freytes, 438 F. App'x 84 (3d Cir. 2010).

In short, Defendant has no right to dismissal of his case charging him with illegal reentry after deportation simply because he was identified by immigration officials after he was stopped for traffic violations to which he pled guilty, without challenge, which stops he now claims were illegal. The ICE investigation was separate and independent from the traffic stops.

1

AND NOW, this 9th day of December, 2017, the Motion to Dismiss is denied.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court